UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KEVIN YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-4010 |
| ) | |
| KIM BUTLER, Warden, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

Before this Court are Petitioner, Kevin Young's ("Young") Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Defendant's Answer. For the following reasons, the Petition [1] is DENIED.

## DISCUSSION

In October 2006, Young shot at three City of Rock Island polices officers during a foot chase, injuring one of them. Following a bench trial in the Circuit Court for Rock Island County, Young was found guilty of three counts of attempted first degree murder, three counts of aggravated discharge of a firearm, one count of aggravated battery with a firearm, and one count of unlawful possession of a weapon by a felon. He was sentenced to 100 years' imprisonment for each of the attempted murder counts and 14 years on the possession count, all of which were to run concurrently.

On direct appeal, Petitioner argued: (1) the attempted murder charges were insufficiently specific, and (2) there was insufficient evidence to sustain his convictions. The Illinois Appellate Court concluded that the information was not sufficiently specific under state law, but the

evidence was sufficient to sustain the attempted murder charges. The case was remanded to either initiate new attempted murder charges or resentencing on the merged convictions for aggravated battery and aggravated discharge. The state opted not to pursue new attempted murder charges, and Young was resentenced to concurrent terms of 60 years' imprisonment for aggravated battery of a firearm (merged with one count of aggravated discharge) and 45 years' imprisonment for the remaining two counts of aggravated discharge. Young appealed again, but his convictions and sentences were affirmed. His Petition for Leave to Appeal to the Illinois Supreme Court was denied.

On March 12, 2012, Young filed a post-conviction petition with the trial court arguing: (1) the trial court lacked authority under Illinois law to impose a sentence on the aggravated battery charge on remand; (2) he was convicted of multiple offenses based on the same physical act; (3) trial counsel was ineffective for failing to call Hines, Hasselroth, and Richards at trial; (4) new counsel should have been appointed once he alleged that trial counsel was ineffective; and (5) appellate counsel was ineffective for failing to raise these issues on direct appeal. His petition was dismissed, and he appealed raising the same issues to the Illinois Appellate Court. Young's counsel was allowed to withdraw pursuant to *Pennsylvania v. Finley*, 581 U.S. 551 (1987). The denial of his petition was affirmed, and his PLA was denied on April 30, 2014.

While his PLA was pending, Young filed a petition to vacate judgment pursuant to 725 ILCS 5/2-1401 (2012), in which he argued that the trial court lacked jurisdiction over him because he was charged by information rather than indictment. The petition was dismissed on August 25, 2014, but the appeal from the dismissal remains pending.

Young then filed the present habeas corpus petition pursuant to § 2254. In this petition,

he raises essentially six claims of error: (1) the trial court lacked authority under Illinois law to impose a sentence on the aggravated battery charge following remand; (2) he was convicted of multiple offenses based on the same physical act; (3) trial counsel was ineffective for failing to call Hines, Hasselroth, and Richards at trial; (4) Illinois law required appointment of new counsel in posttrial hearing once he alleged that trial counsel was ineffective; (5) appellate counsel was ineffective for failing to raise these issues; and (6) insufficiency of the evidence.

Before considering the merits of a petition for writ of habeas corpus brought under 28 U.S.C. § 2254, a district court must consider whether the petitioner has exhausted all available state remedies. If the answer to this question is "no" the petition is barred for failure to exhaust state remedies. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 112 S.Ct. 387 (1991); Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied*, 109 S.Ct. 1648 (1989). In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State ...." 28 U.S.C. § 2254(b). Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed. Farrell, 939 F.2d at 410; Boerckel v. O'Sullivan, 135 F.3d 1194, 1196 (7th Cir. 1998), rev'd on other grounds, O'Sullivan v. Boerckel, 526 U.S. 838, 845 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement). Section 2254(c) further provides that

"[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This occurs in one of two ways. First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59. The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 729-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. U.S. v. ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001). Additionally, a state law ground is deemed adequate when it is a firmly established and regularly followed state practice at the time it is applied. Franklin v. Gilmore, 188 F.3d 877, 882 (7th Cir. 1999).

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis. A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Id. at 869. In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error. Id. at 870 (internal quotation marks omitted). A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." Id. at 871, 876-77. Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved. A petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell v. Lane, 939 F.2d 409, 411 (7th Cir. 1991), *cert. denied*, 112 S.Ct. 387 (1991). Cause sufficient to excuse procedural default is "some objective factor external to the defense" which prohibits him from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.29 397 (1986). Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error

probably resulted in the conviction of someone who is actually innocent. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995). A fundamental miscarriage of justice occurs when a petitioner establishes "a constitutional violation has probably resulted in the conviction of one who is actually innocent. Murray, 477 U.S. at 496.

To begin, Claims 1, 2, and 4 are non-cognizable in this federal habeas proceeding as they rely solely on alleged violations of Illinois law. To qualify for relief, the petition must allege that petitioner is in custody in violation of the U.S. Constitution, or the laws or treaties of the United States. 28 U.S.C. § 2254(a); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

Claim 3 alleging ineffective assistance of counsel for failure to call Hines, Hasselroth, and Richards as trial witnesses is procedurally defaulted, as it was rejected on an independent and adequate state law ground. Specifically, the claim was rejected based on Petitioner's failure to attach affidavits indicating what the witnesses would have testified had they been called at trial. *See* Thompkins v. Pfister, 698 F.3d 976, 986-87 (7th Cir. 2012). Failure to comply with the State's procedural rules is an independent and adequate state ground and bars federal habeas review as long as the last State court to review the case actually relied on the grounds for its judgment. Pole v. Randolph, 570 F.3d 922, 937 (7th Cir. 2009). The Court would also note that to the extent that his amended petition attempts to characterize this claims as a denial of the right to compulsory process or due process, the claim is procedurally defaulted as it was not presented in that manner in the state court proceedings. Young makes no effort to establish cause and prejudice to excuse the default. He does suggest that he is actually innocent, but fails to introduce new evidence not available at trial to support this assertion. Accordingly, Young is not entitled to relief or further consideration on Claim 3.

Young's fifth claim argues that appellate counsel was ineffective for failing to raise these claims on appeal. This claim is procedurally defaulted in part, as ineffective assistance for failure to raise Claim 4 was not fairly presented to the state courts in the PLA. The remainder of the claims were raised in some form. However, Claims 1 and 2 were rejected on procedural grounds, holding that the trial court did have authority to sentence Young and that he had already obtained all of the relief to which he was entitled with respect to his third claim. As a result, raising these arguments again would have been frivolous, and counsel does not render ineffective assistance by refusing to raise frivolous arguments.

Petitioner subsequently amended his Petition to add a claim alleging that the evidence at trial was insufficient to sustain his identification as the shooter and resulting convictions on the remaining offenses. On appeal, the Illinois Appellate Court agreed with respect to the attempted murder conviction, but found the evidence sufficient on the unlawful possession of a weapon by a felon count. The Appellate Court held that if the state chose not to retry Young on the attempted murder charge, "the trial court may enter judgment and sentence on the merged offenses," referring to the convictions for aggravated discharge of a firearm and aggravated battery with a firearm. Accordingly, assuming that this claim is even timely, the Illinois Appellate Court did rule on the merits of his sufficiency of the evidence claim.

In resolving this claim, "the relevant inquiry is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307 (1979). Two officers on the scene positively identified Young as the man they saw fleeing, struggling with Officer Ramirez, and firing a gun at pursuing officers. Officer Ramirez positively identified

Young as the man who shot him. Although Young points to several conflicts in the evidence, he does not overcome the high hurdle of demonstrating that no rational trier of fact could have found this eyewitness testimony and other corroborating evidence sufficient to establish that he was the shooter beyond a reasonable doubt. His sufficiency claim is therefore without merit.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Proceedings states "district court must issue or deny a certificate of appealability (CA) . . . ." To obtain a CA, a petitioner must make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court has rejected the constitutional claim on the merits, § 2253(c) requires the petitioner demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court denies a habeas petition on procedural grounds without reaching the underlying constitution claim, a CA should be issued only when the petitioner shows "that jurists would find it debatable whether the petition states a valid claim of a constitutional right and jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Here, all of Petitioner's arguments were either uncognizable, procedurally defaulted or denied based on clearly established precedent demonstrating that the claims were meritless. Petitioner did not raise any arguments that jurists of reason would find debatable. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 [1] is DENIED.

ENTERED this 23rd day of December, 2015.

S/ James E. Shadid
James E. Shadid
Chief United States District Judge
